UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT FEASTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demanded |
| | ) | |
| v. | ) | No. ______________ |
| | ) | |
| MODWASH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff sues Defendant and shows unto the Court as follows:

**I. JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked by Plaintiff pursuant to 29 U.S.C. § 626 and 28 U.S.C. § 1331, to secure protection and redress for the deprivation of rights granted by the Age Discrimination in Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA"), which provide for legal and equitable relief against age discrimination in employment.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all acts complained of herein occurred in Hamilton County, Tennessee.

**II. NATURE OF PROCEEDING**

3. This is an employment discrimination case in which Plaintiff seeks back pay and benefits; injunctive relief requiring Defendant to cease its discriminatory practices and to rehire Plaintiff into the position from which he was unlawfully discharged; liquidated damages; compensatory damages; prejudgment interest and attorney fees; and for such additional damages as may be necessary to effectuate the purposes of the ADEA and the THRA.

## III. THE PARTIES

4. Plaintiff is a resident of Catoosa County, Georgia.

5. Defendant is a Delaware limited liability company, with its headquarters located at 736 Cherry Street, Chattanooga, Tennessee 37402.

6. Defendant meets the definition of an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b), inasmuch as Defendant is engaged in an industry affecting commerce, with business locations in multiple states, and it has employed 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

7. Defendant meets the definition of an "employer" within the meaning of the THRA, Tenn. Code Ann. §4-21-102(5), because Defendant employs at least eight persons in Tennessee.

## IV. FACTUAL BASIS OF PLAINTIFF'S CLAIM

8. Plaintiff Robert Feaster, Jr., age 64, was employed by Defendant ModWash, LLC (hereinafter referred to as "ModWash") as a Guest Experience Member at its East Brainerd car wash facility located in Hamilton County, Tennessee.

9. Feaster was interviewed and hired on the same day by General Manager Cody Young on or about April 12, 2026.

10. On his second day of work, while at the customer entrance kiosk, Feaster encountered ModWash's owner, Karen Hutton. During the very brief encounter, Feaster revealed to Hutton that this was his second day on the job. Following the encounter, Feaster finished his shift, unaware that Hutton was displeased to discover that an individual over the age of 60 had been hired to directly interact with customers.

11. Despite Hutton's age bias against Feaster, his work performance was satisfactory, and he was well liked by General Manager Young.

12. Feaster worked several days after his brief encounter with Hutton. During these ensuing workdays, Young did not make any critical remarks about Feaster's job performance. On the contrary, Young told Feaster that he was doing a good job.

13. On the morning of April 23, 2026, as Feaster was preparing to go into work, Young called and advised Feaster that his employment was being terminated. When Feaster pressed for a reason, Young reluctantly admitted, "The owner doesn't want anyone over 60 to be working in the field." Feaster was shocked. Young stated that he did not want to fire him, but he had no choice.

14. After considering the unlawful reason for the decision, Feaster called Young the next day. Young initially stated that he was trying to talk with Human Resources about Feaster's situation. He explained, "The owner makes decisions emotionally, rather than thinking logically."

15. Young continued by stating, "I'm trying to find any loophole to keep you on because I like having you. It wasn't my call. I want to keep you on so I'm trying everything in my power to keep you."

16. Feaster commented, "I just don't understand how she [Karen Hutton] can fire me for my age." Young did not deny that Hutton had fired Feaster because of his age. Rather, Young replied, "You're not fired. I have to take you off the schedule while I try to work it out with HR. I'm fighting it. I'm working on a solution to keep you on my staff."

17. On April 28, 2026, Feaster received a letter from ModWash Employee Relations Manager, Wilbur McGarvey. The letter stated that "ModWash has determined that your employment is no longer the right fit for the needs of the organization" and that Feaster's employment terminated effective April 28, 2026.

18. After his termination, Feaster was replaced by an individual who is significantly younger than Feaster, who was 64 years old when discharged.

19. At all times relevant herein, ModWash's decision-makers – including owner Karen Hutton and members of ModWash's human resources team – were aware that it is illegal for an employer to discharge an employee because of his age. Despite their knowledge of the law, ModWash's decision-makers acted, at a minimum, in reckless disregard of Feaster's federally protected rights, or at worst, with malicious intent.

## V. CAUSES OF ACTION

Count 1 – Termination in Violation of the ADEA

20. By discharging Plaintiff because of his age, Defendant violated the ADEA, 29 U.S.C. § 623(a)(1).

Count 2 – Termination in Violation of the THRA

21. By discharging Plaintiff because of his age, Defendant violated the THRA, Tenn. Code Ann. § 4-21-401(a)(1).

## VI. ADMINISTRATIVE EXHAUSTION

22. On July 1, 2026, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was assigned Charge Number 494-2026-04125. Plaintiff brings this action more than 60 days after filing his Charge of Discrimination with the EEOC, pursuant to 29 U.S.C. § 626(d)(1) and 29 C.F.R. § 1626.18(b).

## VII. DAMAGES

23. As a result of the wrongful actions of Defendant as described above, Plaintiff has suffered both financially and emotionally. Plaintiff has lost and will continue to lose wages and

valuable employee benefits. In addition, Plaintiff has experienced emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the Court issue and serve process on Defendant and require Defendant to answer within the time prescribed by law;

b. That Plaintiff be awarded judgment for damages for lost wages and benefits which he has lost from the date of Defendant's discriminatory actions through the date of trial;

c. That the Court issue an injunction requiring Defendant to re-hire Plaintiff to his former position, or in the alternative, to award front pay in lieu thereof;

d. That Plaintiff be awarded compensatory damages, including damages for emotional pain, suffering, grief, inconvenience, and other non-wage losses, as are allowed under Tenn. Code Ann. § 4-21-312;

e. That Plaintiff be awarded liquidated damages as are allowed under 29 U.S.C. § 626(b);

f. That Plaintiff be awarded attorney fees, prejudgment interest, costs of this action, litigation expenses, and such other relief as the Court deems proper to effectuate the remedial purposes of the ADEA and the THRA; and

g. Plaintiff demands a jury to try all claims and issues triable by a jury.

**MIKEL & HAMILL PLLC**

By: s/ *Doug S. Hamill*
Doug S. Hamill, BPR No. 22825
Attorney for Plaintiff
620 Lindsay Street, Suite 200
Chattanooga, TN 37403
(423) 541-5400
dhamill@mhemploymentlaw.com